21-810-bk
In re: 22 Fiske Place, LLC

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand twenty-two.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
MYRNA PÉREZ,
*Circuit Judges.*

------------------------------------------------------------

IN RE: 22 FISKE PLACE, LLC,

*Debtor.*

------------------------------------------------------------

NICHOLAS GORDON,

*Appellant,*

v.                                                No. 21-810-bk

IAN J. GAZES,

*Appellee.*

------------------------------------------------------------

FOR APPELLANT:                    BRENT CHAPMAN, Law Office of
                                  Brent Chapman, P.C., Garden
                                  City, NY

FOR APPELLEE:                     DAVID DINOSO, Law Office of
                                  David Dinoso, New York, NY

Appeal from a judgment of the United States District Court for the

Southern District of New York (Mary Kay Vyskocil, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Appellant Nicholas Gordon appeals from a judgment of the United States

District Court for the Southern District of New York (Vyskocil, J.) dismissing as

moot his appeal from a January 28, 2020 order issued by the United States

Bankruptcy Court for the Southern District of New York (Chapman, B.J.).   The

District Court also concluded that, in the alternative, Gordon forfeited any

challenge to one of the Bankruptcy Court's bases for granting the order by failing

to address the issue before the Bankruptcy Court.   We assume the parties'

familiarity with the underlying facts and record of prior proceedings, to which

we refer only as necessary to explain our decision to affirm.

This case arises from a Chapter 11 bankruptcy proceeding involving 22 Fiske Place, LLC (the "Debtor"), of which Gordon is the sole member. In 2008 the Debtor acquired a brownstone following a foreclosure sale that generated $214,979 in surplus funds, which were then deposited with the Clerk of the Supreme Court of New York, Kings County. In 2014 Gordon, on behalf of the Debtor, commenced a state court civil action (the "Holdover Action") against the previous owner of the brownstone, Fiske House Apartment Corporation ("Fiske House"), to recoup approximately $717,271 in purportedly unpaid rent. When Fiske House failed to respond, the state court entered a default judgment in favor of the Debtor and thereafter recognized the judgment as a valid lien against the entirety of the surplus funds.

In May 2016 the Debtor filed for bankruptcy under Chapter 11 of the Bankruptcy Code, and the Bankruptcy Court appointed Appellee Ian J. Gazes as the Debtor estate's trustee (the "Trustee"). In June 2016 the Bankruptcy Court confirmed the Trustee's Chapter 11 Plan (the "Plan"). Thereafter, acting on behalf of the estate and with the Bankruptcy Court's approval, the Trustee moved in the Holdover Action to vacate the 2014 default judgment and dismiss

3

the action with prejudice on the ground that Gordon had fabricated allegations to support the Debtor's unpaid rent claim, and the surplus funds in fact rightfully belonged to Fiske House. Gordon moved to intervene in the Holdover Action, but on January 28, 2020, the Bankruptcy Court issued an order (1) declaring that Gordon's motion to intervene violated both the automatic stay under § 362(a) of the Bankruptcy Code and Section 7.6 of the Trustee's Chapter 11 Plan, and (2) enjoining Gordon from intervening in the state court proceeding.[1] On appeal, Gordon principally argues that his appeal of the Bankruptcy Court's order is not moot and that the automatic stay did not apply to his motion to intervene.

We may affirm a district court's decision on any ground that is supported by the record. See CBF Indústria de Gusa S/A v. AMCI Holdings, Inc., 850 F.3d

---

[1] The Bankruptcy Court's order prompted Gordon to withdraw his motion to intervene in the state Holdover Action. Before accepting Gordon's request to withdraw the motion, the state court explained that it would have denied the motion in any event because Gordon lacked standing to participate in the proceeding. App'x 47–48. The judge then vacated the default judgment and dismissed the Holdover Action as "completely groundless." App'x 47; see Supp. App'x 85–87.

58, 78 (2d Cir. 2017). A party forfeits a legal argument[2] and is ordinarily foreclosed from raising it on appeal when it fails to present the argument in its case-in-chief. See Doe v. Trump Corp., 6 F.4th 400, 410 (2d Cir. 2021); Allianz Ins. Co. v. Lerner, 416 F.3d 109, 114 (2d Cir. 2005) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (quotation marks omitted)). "Although we may exercise discretion to consider forfeited arguments where necessary to avoid a manifest injustice, the circumstances normally do not militate in favor of an exercise of discretion to address new arguments on appeal where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below." Doe, 6 F.4th at 410 (cleaned up).

Applying those principles here, we conclude that Gordon forfeited any argument regarding the automatic stay, and thereby forfeited his challenge to the Bankruptcy Court's order. In opposing Gordon's intervention before the

---

[2] Although the parties used the term "waive[r]" to describe Gordon's failure to raise an argument before the Bankruptcy Court, "[w]here a litigant's action or inaction is deemed to incur the consequence of loss of a right, or, as here, a defense, the term 'forfeiture' is more appropriate." See Doe v. Trump Corp., 6 F.4th 400, 409 n.6 (2d Cir. 2021) (quotation marks omitted).

Bankruptcy Court, the Trustee argued that Gordon's intervention in the Holdover Action violated the discharge injunction under the Plan and separately also the automatic stay provisions under the Plan and § 362 of the Bankruptcy Code. In response, Gordon argued only that the discharge injunction did not apply. He failed to raise any argument that the automatic stay did not apply to the Holdover Action, even in the context of discussing the separate issue of the discharge injunction. Nor has Gordon provided any reason for failing to challenge the automatic stay. The District Court therefore did not abuse its discretion in concluding that Gordon forfeited his arguments relating to the automatic stay, and we decline to exercise our discretion to review the challenge in the first instance. Because we conclude that Gordon forfeited any challenge regarding the automatic stay, we need not address whether his appeal of the Bankruptcy Court's order is moot. We have considered Gordon's other remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6